UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Case No. 19-56749

CORALREEF PRODUCTIONS, INC.,                        Chapter 11

       Debtor.                                      Judge Thomas J. Tucker
_____/

**ORDER REQUIRING THE DEBTOR TO AMEND DISCLOSURE STATEMENT**

On December 17, 2019, the Debtor filed an amended plan and disclosure statement, in a document entitled "Debtor's Combined Plan of Reorganization and Disclosure Statement" (Docket # 44). The Court cannot yet grant preliminary approval of the disclosure statement contained within this document (the "Disclosure Statement"). The Court notes the following problems, which the Debtor must correct.

First, in paragraph 2.1 of the Plan on page 11, the Debtor must state its estimate of the amount of the claim of the Debtor's attorney, Schafer and Weiner, PLLC, and the Debtor's accountant. Although the Debtor provides an estimate for its attorney ($50,000) and its accountant ($15,000) in paragraph IV.E of the Disclosure Statement on page 54, the Debtor must also state this in the Plan. The Debtor also must estimate the amount of any claim for taxes that qualify as an Administrative Claim.

Second in paragraph 2.2 of the Plan on page 13, the Debtor must state the names of the creditors whose claims the Debtor intends to treat in Group II and estimate the amount of those claims. Although this information appears in paragraph V.C of the Disclosure Statement on pages 58-59, it also must be included in the Plan.

Third, with regard to the secured Class I claim of the Internal Revenue Service ("IRS")

treated in Class I under the Plan on page 14, the Debtor must state the total amount of the IRS claim without regard to the value of the collateral. The Debtor also must state that, according to the proof of claim filed by the IRS, the IRS has a secured claim for $698,383.26 and an unsecured claim of $544,634.14, of which $501,718.79 is entitled to priority under § 507(a)(8) (*see* paragraph V.C of Disclosure Statement on page 57). The Debtor also must describe the property securing the claim; the fair market value of the property securing the claim; whether any portion of the claim is unsecured; and if so, whether the secured creditor will have an unsecured deficiency claim, to be included and treated in the class of general unsecured claims; and if so, the amount of such unsecured claim. If more than one secured creditor has a lien on property, the Debtor must state the priority of each secured creditor (*e.g.*, which creditor has a first priority lien and which creditor has a second priority lien). The Debtor also must state the amount of the monthly payments to the IRS and when such payments will begin.

Fourth, in paragraph 3.2 of the Plan on page 14, the Debtor must state the total amount of the claims treated in Class II. Although this information can be found in paragraph V.C of the Disclosure Statement on page 59, it also must be included in the Plan.

Fifth, in paragraph 3.3 of the Plan on page 14, the Debtor must state that the only creditor holding an Allowed Reimbursement Claim is Mr. Evan Jenkins, who is owed $6,500.00. Although this information is included in paragraph V.C of the Disclosure Statement on page 59, it also must be included in the Plan.

Sixth, in paragraph 3.5.1 of the Plan on page 15, the Debtor must state what the date is on which the Debtor's fiscal year ends.

Seventh, in paragraph 3.6 of the Plan on page 15, the Debtor must state that Anthony

Toma holds 100% of the Debtor's equity interests.

Eighth, in paragraph II.A of the Disclosure Statement on page 35, the Debtor must state that it is a corporation and it must state under which state's law it is organized.

Ninth, the Debtor must amend paragraph III.B.1.c of the Disclosure Statement on page 44 by deleting the last sentence of the paragraph and stating in its place: "On December 17, 2019, the Court entered an order granting the Debtor's amended application for authority to hire Schafer and Weiner, PLLC as counsel for Debtor and Debtor in Possession."

Tenth, the Debtor must amend paragraph III.B.2. of the Disclosure Statement on page 44 by adding a paragraph d, which states that on December 18, 2019, after conducting a hearing, the Court granted the Debtor's motion for authority to obtain credit under § 364, to the extent of the entry of a revised interim order.

Eleventh, on page 47 of the Disclosure Statement, in the first sentence of the second full paragraph, the Debtor must delete "(proposed)."

Twelfth, the Debtor must revise the Liquidation Analysis attached as Exhibit A to the Disclosure Statement on page 67, so that it includes a separate column for secured creditors and a separate column indicating the amount of equity remaining in the asset after deducting the value of the IRS's secured claim.

Thirteenth, the Debtor must include all of the information that is in paragraph V.C of the Disclosure Statement on page 59-60 regarding Classes IV and V in the sections of the Plan discussing the treatment of these classes.

Fourteenth, the Debtor must delete the last sentence in paragraph VI.B of the Disclosure Statement on page 63 and replace it with the following: *"If no creditor or interest holder in an*

*impaired class votes, then that class has not accepted the plan.*" Similarly, the Debtor must delete paragraph 4.6 on page 18 of the Plan. These changes are necessary in order to avoid stating propositions of law that are incorrect.

Fifteenth, the Debtor must modify paragraph VI.E.2 of the Disclosure Statement on pages 64 through 65 so that it states, in its entirety:

> 2. Except as provided in the plan and in 11 U.S.C. § 1141(d):
>
>    (a) In the case of a corporation that is reorganizing and continuing business, as in this case:
>
>        (1) All claims and interests will be discharged.
>
>        (2) Creditors and shareholders will be prohibited from asserting their claims against or interests in the debtor or its assets.

Sixteenth, in paragraph 5.1.1.6 on page 19 of the Plan, the Debtor must explicitly state that the Stalking Horse's opening bid for the New Assets will be $25,000.00. This is not yet clearly stated.

Seventeenth, in paragraph II.C of the Disclosure Statement, subparagraph e. on page 43, the Debtor must give updated information about this pre-petition garnishment.

Accordingly,

IT IS ORDERED that no later than **January 6, 2020**, the Debtor must file an amended combined plan and disclosure statement that is consistent with this Order.

IT IS FURTHER ORDERED that no later than **January 6, 2020**, the Debtor also must

file a redlined version of the amended combined plan and disclosure statement, showing the changes Debtor has made to "Debtor's Combined Plan of Reorganization and Disclosure Statement" filed December 17, 2019.

**Signed on December 23, 2019**



/s/ Thomas J. Tucker
**Thomas J. Tucker**
**United States Bankruptcy Judge**